# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER GRIGOROVICH,<br>Petitioner,<br><br>vs.<br><br>SECRETARY WETZEL, PA Department<br>Of Corrections; THE ATTORNEY<br>GENERAL OF THE STATE OF PA,<br>Respondents. | Civil Action No. 12-738<br>Judge Cathy Bissoon/<br>Chief Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (the "Petition") be dismissed as time-barred and that a certificate of appealability be denied

### II. REPORT

Walter Grigorovich ("Petitioner") has filed the Petition, seeking to attack his state court conviction for multiple counts of sexually abusing his daughter. Petitioner's conviction became final on or about October 10, 2008, (30 days after the Pennsylvania Superior Court denied him relief in his direct appeal and Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court). Petitioner then waited until April 27, 2009, to file his Post Conviction Relief Act ("PCRA") Petition. The PCRA Petition ceased to be pending in the state courts as of June 7, 2011, the date that the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal in the PCRA proceedings. Petitioner waited nearly one year later, until May 23, 2012, to sign the Petition herein. Because more than one year of countable

time passed between the time that Petitioner's conviction became final and the time that he filed the instant Petition, his Petition is untimely. Petitioner does not carry his burden to show that he is entitled to equitable tolling notwithstanding the fact that his attorney for the PCRA proceedings committed an error in calculating the deadline for filing a habeas petition in federal court.

**A. Procedural History**

As the Court writes primarily for the parties, we will review the most significant facts. In January, 2004, Petitioner was found guilty by a jury of 14 out of 15 counts of sexually abusing his biological daughter over the course of nearly one and half decades. On June 7, 2004, Petitioner was sentenced in the Butler County Court of Common Pleas (the "Trial Court") to an aggregate sentence of 10 to 20 years of imprisonment followed by 10 years of probation. After some intervening procedures, Petitioner's right to file post sentence motions was reinstated by the Trial Court as was Petitioner's right to file a direct appeal to the Pennsylvania Superior Court. Petitioner filed his reinstated direct appeal to the Superior Court on January 2, 2008, ECF No. 12-7 at 19, which the Pennsylvania Superior Court denied on September 10, 2008. Id. at 103 – 109. Petitioner did not thereafter file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. ECF No. 12 at 10.

Petitioner's counsel, Attorney Paul Gettleman, waited until April 27, 2009, to file a PCRA Petition, ECF No. 12-7 at 111 – 120, in the Butler County Court of Common Pleas ("the PCRA Court"). Judge William Shaffer, the same judge who presided over Petitioner's trial, presided over Petitioner's PCRA proceedings. The PCRA Court conducted a hearing on Petitioner's PCRA Petition and, on December 8, 2009, denied relief. ECF No. 12-8 at 70 – 99.

2

Petitioner then filed a timely appeal with the Pennsylvania Superior Court, which denied relief on December 17, 2010. ECF No. 12-8 at 179 - 184. Petitioner then timely filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which denied the Petition for Allowance of Appeal on June 7, 2011. ECF No. 12-8 at 240. Petitioner did not thereafter file a petition for writ of certiorari with the United States Supreme Court. ECF No. 12 at 15.

Petitioner, proceeding pro se, then signed the instant Petition on May 23, 2012, which was not received by this Court until June 4, 2012. Petitioner utilized the form habeas Petition. In response to the question on the form Petition concerning the timeliness of the Petition, Petitioner wrote "See attached counsels [sic] letter dated June 15, 2011 from Paul Gettleman Esq." ECF No. 8 at ¶ 18. However, no such letter was attached. Respondents filed a Response to Petition for Writ of Habeas Corpus, in which they raised, *inter alia*, the statute of limitations. ECF No. 12. Upon discovering that no letter from Attorney Gettleman was attached to the Petition, the Court ordered Petitioner to supply the letter. ECF No. 13. Petitioner complied. ECF No. 14. The letter read in full as follows:

> I am sorry to inform you that the Pennsylvania Supreme Court has declined to hear your case. The next step for you is to file a Habeas Corpus in federal court challenging your trial lawyer's effectiveness and any other constitutional issues that can be raised. You have one year from June 7, 2011 to file the petition or else you will be time barred. If you have any questions or if I can be of any further assistance, please do not hesitate to contact me.

Id. at 1.

B. Discussion

1. **The AEDPA statute of limitations**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because the Petition in this case was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Respondents pointed out in their Reply that this Petition is untimely under the AEDPA. As relevant here, the AEDPA requires that state prisoners file their federal habeas petition within one year after their conviction became final.[1] Specifically, the AEDPA provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

[1] Although the AEDPA provides three other potential starting points for the running of its one year limitations period, Petitioner has not argued for the application of any of those three other starting points and, indeed, from the record, none appear to be applicable.

4

## 2. The Petition is time-barred.

In this case, Petitioner's conviction became final on October 10, 2008, i.e., thirty days after the Pennsylvania Superior Court affirmed his conviction and no Petition for Allowance of Appeal was filed with the Pennsylvania Supreme Court. Gonzales v. Thaler, __ U.S. __, 132 S.Ct. 641, 654 (2012) ("because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired"); Drawbaugh v. Beard, No. 3:10-CV-1929, 2011 WL 6960967, at *2 n.3 (M.D. Pa. Nov. 9, 2011) ("Drawbaugh's conviction became final 30 days after the decision of the Pennsylvania Superior Court since he did not petition the Pennsylvania Supreme Court for allocatur."), *report and recommendation adopted by*, 2012 WL 32815 (M.D. Pa. Jan. 6, 2012). See also Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999).

As provided by the AEDPA, Petitioner would have had until October 10, 2009, in which to file his Petition attacking deficiencies in his conviction. Petitioner did not file the present Petition until, at the earliest May 23, 2012, the date he signed his Petition.[2] While it is true that a properly filed post-conviction or collateral petition that was filed and/or pending would have

---

[2] The court will deem the date of the filing to be the date that Petitioner signed the Petition. The so-called "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001). Absent proof of the exact date of delivering the habeas petition to the prison authorities, the Court will treat the date Petitioner signed his Petition as the filing date. Henshaw v. Commissioner, Dept. of Correction, No. 99-848-SLR, 2000 WL 777868 (D. Del. June 8, 2000).

5

tolled the running of the AEDPA's limitations period,[3] Petitioner did not file his PCRA Petition until April 27, 2009.  Hence between October 10, 2008 (the day Petitioner's conviction became final) and April 27, 2009 (the day Petitioner filed his PCRA Petition), a total of 199 days passed.[4]  Hence, Petitioner only had 166 days remaining of the 365 day time limit.  The PCRA Petition remained pending only until June 7, 2011, the date on which the Pennsylvania Supreme Court denied the Petition for Allowance of Appeal in his PCRA proceedings. Stokes v. District Attorney, 247 F.3d 539, 543 (3d Cir. 2001) (time during which a prisoner may file a certiorari petition from the denial of his state post-conviction petition does not toll the limitations period). Hence, the AEDPA statute of limitations began running again on June 8, 2011 and continued to run thereafter.  Given that Petitioner had only 166 days remaining of the 365 day AEDPA limitations period, Petitioner was required to have filed the Petition no later than November 21, 2011, i.e., 166 days after June 8, 2011.  However, Petitioner did not file the present Petition, until, at the earliest May 23, 2012, or 184 days beyond the 365 days permitted.  Hence, the Petition is clearly time-barred absent equitable tolling.

### 3. Petitioner is not entitled to equitable tolling.

The doctrine of equitable tolling applies to the AEDPA's statute of limitations. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998).  The United States Court of Appeals for the Third Circuit described in Miller the limited nature of equitable tolling.

---

[3] See 22 U.S.C. § 2244(d)(2); Bennet v. Artuz, 199 F.3d 116, 119-22 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000).

[4] For purposes of AEDPA's one year statute of limitations, a "year" means 365 days.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001).

> [E]quitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Shendock, 893 F.2d at 1462. Generally, this will occur when the petitioner has "in some extraordinary way ... been prevented from asserting his or her rights." Oshiver, 38 F.3d 1380. The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." New Castle County, 111 F.3d at 1126. Mere excusable neglect is not sufficient. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); New Castle County, 111 F.3d at 1126.

Id. at 618-19. Put succinctly, a habeas petitioner seeking to invoke the doctrine of equitable tolling must establish two requirements: 1) the existence of "extraordinary circumstances" which prevented him from filing in a timely manner and 2) that he acted with reasonable diligence. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."), *reh'g and suggestion for reh'g en banc denied*, 207 F3d 666 (11th Cir. 2000). See also Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005) ("Equitable tolling is appropriate . . . such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."). In order "[t]o establish the extraordinary circumstances necessary to equitably toll the AEDPA's statute of limitations, a habeas petitioner must prove that the cause of his delay was both beyond his control and unavoidable even with diligence." Simmons v. Yukins, No. Civ. 01-CV-71287-DT, 2001 WL 739505, at *2 (E.D. Mich. May 9, 2001).

Because equitable tolling is a doctrine of equity, as its name implies, the equitable maxim of one who seeks equity must do equity, Koster v. American Lumbermens Mut. Casualty Co., 330 U.S. 518, 522 (1947), likewise applies. In the present context, this principle of he who seeks equity must do equity requires that Petitioner not have delayed pursuit of his rights. This is so

because "[e]quity is not intended for those who sleep on their rights." Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Hence, in addition to proving the existence of extraordinary circumstances, and as a corollary of the principle that equity does not assist those who sleep on their rights, "the party seeking equitable tolling must have acted with reasonable diligence **throughout the period he seeks to toll**." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (emphasis added) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

In this case, given that Petitioner filed his Petition 184 days beyond the 365 days permitted in order to render his Petition timely he would have to have the 184 days equitably tolled in order to bring himself within the 365 days allotted by the AEDPA. See Lacava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005).[5]

Petitioner does appear to argue for equitable tolling in in his Petition by citing to the letter from Attorney Gettleman which erroneously informed Petitioner he had one year after June 7, 2011 in order to file his habeas petition in federal court. Contrary to Attorney Gettleman's

---

[5] The Court stated in Lacava that:

> It is a well-established principle that, in order for appellant to claim an entitlement to equitable tolling, he must show that he "exercised reasonable diligence in ... bringing [the] claims." *Miller*, 145 F.3d at 618-619 (*quoting New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d Cir.1997); *see also Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)). **This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well**. *See, e.g., Jones v. Morton*, 195 F.3d at 160 (equitable tolling is not warranted where appellant "made no showing that he 'exercised reasonable diligence' in satisfying the exhaustion requirement in order to present his claims in a timely federal habeas petition").

Lacava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (emphasis added).

8

opinion, Petitioner did not have one year from the conclusion of his PCRA proceedings but only one year from the date his conviction became final.

In considering Petitioner's argument, we note that it is the burden of the Petitioner in a habeas case to show entitlement to tolling. See, e.g., Polk v. Cain, No. Civ. A. 00-3026, 2001 WL 736755, *9 (E.D. La. June 23, 2001)("A person seeking the tolling of the statute of limitations period has the burden of showing circumstances exist that justify tolling."); Balagula v. United States, 73 F.Supp.2d 287, 291 (E.D.N.Y. 1999)("The burden lays with the petitioner to establish the entitlement to equitable tolling."); Turner v. Singletary, 46 F.Supp.2d 1238, 1243 (N.D. Fla. 1999)("The burden is upon the petitioner to show that equitable tolling is warranted.").

Here, Petitioner has not carried his burden to show entitlement to equitable tolling. The general rule is that attorney error is not an extraordinary circumstance that justifies equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336 -337 (2007); Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003) ("[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.") (*quoting,* Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)). See also Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002); Harrison v. General Motors Corp., 275 F.3d 47 (5th Cir. 2001) (Table, unpublished), 2001 WL 1268765, at *1 ("Harrison 'cannot rely upon *any* failure on the part of [her] chosen attorney as diligence or an excuse for lack of diligence, because the acts of one's attorney [are] imputed to the client.'"); Ryan v. Griffin, No. 9:10-cv-00395, 2011 WL 6934269 (N.D.N.Y. Dec. 30, 2011).

In Lawrence v. Florida, the petitioner argued for equitable tolling where his attorney miscalculated the AEDPA statute of limitations. The Supreme Court rejected the argument and

9

held that "[i]f credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." Lawrenc v. Florida, 549 U.S. at 336-37.

The case of Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002) is directly on point with Petitioner's case. In fact, the Court in Johnson granted a certificate of appealability to address the very question at issue in the case at bar: "May a miscalculation of the statute of limitations by petitioner's attorney be grounds for equitable tolling of the statute of limitations provided in 28 U.S.C. § 2244(d)(1)?" Id. at 161. In Johnson, the federal habeas petitioner's post-conviction counsel, like Petitioner's post-conviction counsel herein, sent the petitioner a letter in which the counsel erroneously stated that any federal habeas "petition must be filed within one year of the date on the enclosed order of the New Jersey Supreme Court [which denied discretionary review in the post-conviction proceedings] or, if you first filed a Petition for Certiorari, within one year from the date that United States Supreme Court denies or otherwise rules on that petition." Id. at162 (emphasis deleted). The petitioner in Johnson argued that his counsel's erroneous advice in the letter and his detrimental reliance thereon constituted extraordinary circumstances so as to justify equitable tolling. Id. at 162 -63. The United States Court of Appeals for the Third Circuit rejected this argument and held as follows:

> Recently, other courts of appeals have considered this issue, and have consistently rejected the argument that an attorney's mistake in determining the date a habeas petition is due constitutes extraordinary circumstances for purposes of equitable tolling. . . . Johnson has offered no other reason to warrant equitable tolling. *See Nara*, 264 F.3d at 320; *Taliani*, 189 F.3d at 598. In addition, this court in *Fahy* recognized that in non-capital cases, attorney error has not been found to rise to the extraordinary circumstances required for equitable tolling. 240 F.3d at 244.
> We agree with the District Court that Johnson has not shown extraordinary circumstances to warrant equitable tolling of the AEDPA statute of limitations.

> Although he received erroneous advice, Johnson was not prevented in an extraordinary way from asserting his rights.

Johnson, 314 F.3d at 163 (footnote omitted).

We find that Johnson is dispositive of the issue before this Court and accordingly find that Petitioner herein cannot rely on his attorney's miscalculation of the AEDPA statute of limitations to establish equitable tolling.

Thus, Petitioner has not carried his burden to show entitlement to equitable tolling because he fails to show extraordinary circumstances as is his burden. Accordingly, the Petition should be dismissed as being time-barred.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000). In Slack v. McDaniel, the United States Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. at 478. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and

one directed at the district court's procedural holding." Id. at 484-85. The test is conjunctive and both prongs must be met. See Walker v. Government of the Virgin Islands, 230 F.3d at 90.

Applying this standard to the instant case, the Court concludes that jurists of reason would not find it debatable whether the Court would be correct in dismissing the Petition for being untimely under the AEDPA. Accordingly, a certificate of appealability should be denied.

## IV. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

    Respectfully submitted,

    s/Maureen P. Kelly
    MAUREEN P. KELLY
    CHIEF UNITED STATES MAGISTRATE JUDGE

Date: April 7, 2015

cc: The Honorable Cathy Bissoon
    United States District Judge

    All counsel of record via CM-ECF

    Walter Grigorovich
    FW-5589

SCI Laurel Highlands
5706 Glades Pike
PO Box 631
Somerset, PA 15501-0631